UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN BERRY,

              Petitioner,              Case No. 1:19-cv-381

v.                                         Honorable Gordon J. Quist

NOAH NAGY,

              Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

### I.    Factual allegations

Petitioner Kevin Berry is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Michigan. On

November 2, 2015, Petitioner pleaded guilty in the Kent County Circuit Court to second-degree murder, in violation of Mich. Comp. Laws § 750.317; unlawful imprisonment, in violation of Mich. Comp. Laws § 750.349b; first-degree home invasion, in violation of Mich. Comp. Laws § 750.110a; armed robbery, in violation of Mich. Comp. Laws § 750.529; and felony firearm, in violation of Mich. Comp. Laws § 750.227b. On November 24, 2015, the court sentenced Petitioner to concurrent prison terms of parolable life for second-degree murder, 6 to 15 years for unlawful imprisonment, 4 to 20 years for first-degree home invasion, and 33 to 99 years for armed robbery. Those concurrent sentences were to be served consecutively to a sentence of 2 years for felony firearm.

On May 7, 2019, Petitioner filed his habeas corpus petition which raises three grounds for relief, as follows:

> I. Petitioner is entitled to withdrawal of plea or resentencing, where his trial counsel was ineffective for failing to object to the upward departure of sentencing guideline range, and for failure to file a motion to withdraw the plea where the trial court provided no reasons for its departure.
>
> II. Petitioner was denied the effective assistance of appellate counsel as guaranteed by the U.S. Const. Am. XIV, Mich. Const. 1963, Art. I, § 20, where attorney failed to raise meritorious claims in post-conviction proceedings, forfeiting Petitioner's constitutional rights.
>
> III. Petitioner is entitled to resentencing for second-degree murder and armed robbery, which departed from the applicable guidelines range, the sentence is unreasonable, and the sentencing transcripts do not reflect any reason for [sentencing guidelines] departure requiring remand to trial court pursuant to *Lockridge*, 498 Mich. 358 (2015).

(Pet., ECF No. 1, PageID.2-3.)

Petitioner describes the facts underlying his convictions as follows:

> [O]n September 8, 2014, [Petitioner] and several other individuals broke into the home of Brent Luttrell, while armed with loaded guns, entering through a sliding glass door where they smashed out the window. Inside the residence they held some of the home[']s occupants at gunpoint while tying others up. Petitioner testified that one of the men shot Brent Luttrell several times and stabbed him, causing his death. In addition, [Petitioner] testified that he also was armed with a loaded rifle.

2

(Pet'r's Br., ECF No. 2, PageID.19.) The events described by Petitioner would have supported Petitioner's conviction for felony murder—an offense that carries a mandatory non-parolable life sentence. Mich. Comp. Laws § 750.316. At the time of Petitioner's plea, two of his co-defendants, Isaac Fezzey and Jaman Parish, had already been tried before a jury and convicted of first-degree felony murder for their participation in the events of the evening; the driver, Tyler Rohn, had entered a guilty plea and been sentenced; the prosecutor had convinced the trial court to reject Petitioner's duress defense; and Petitioner had handwritten a 12-page account of his role in the robbery, most likely for the purpose of supporting his duress defense, and provided it to the prosecutor's office. A mandatory non-parolable life sentence was virtually a certainty if Petitioner went before a jury.

The parties negotiated a plea. The prosecutor agreed to dismiss the first-degree felony murder count and replace it with a second-degree murder charge, thereby eliminating the possibility of a mandatory non-parolable life sentence. In exchange, Petitioner agreed to an effective minimum sentence of 35 years—33 years as the armed robbery minimum consecutive to 2 years for the felony firearm offense.

Petitioner's present suggestion that his minimum sentence was something that counsel should have challenged is disingenuous. The plea transcript demonstrates the negotiated minimum sentence was integral to the plea agreement. The negotiated minimum was referenced repeatedly by the trial court during the plea proceedings. Petitioner is correct, however, that the 33-year minimum for armed robbery exceeded the highest minimum based on the sentencing guidelines: 19 years, 9 months. (Pet'r's Br., ECF No. 2, PageID.19.) All of Petitioner's other sentences fell within the sentencing guidelines minimum range. (*Id.*)

Petitioner, with the assistance of counsel, filed an application for leave to appeal the judgment in the Michigan Court of Appeals. Petitioner does not identify the issues raised in

that appeal; however, the issues raised did not include the three issues Petitioner raises in this petition. The Michigan Court of Appeals denied leave to appeal, for lack of merit in the grounds presented, by order entered April 15, 2016. (Mich. Ct. App. Order, ECF No. 2-1, PageID.43.)

Petitioner then filed a *pro per* application for leave to appeal in the Michigan Supreme Court. By order entered November 30, 2016, the supreme court denied leave because it was not persuaded that the questions presented—questions Petitioner does not identify for this Court—should be reviewed. (Mich. Order, ECF No. 2-1, PageID.45.)

Petitioner then returned to the trial court where he filed a motion for relief from judgment raising the three issues he presents in his petition. By order entered February 9, 2018, the trial court judge denied Petitioner's motion. The trial court found the following facts:

> At the Plea Hearing, the Court explicitly stated that there was a plea agreement which indicated that the Defendant would "be sentenced to life but with parole eligibility" for the second degree murder conviction and that the "combined minimum sentence for the armed robbery and felony firearm [convictions] would be 35 years." Sentencing Transcript, p. 11. At the time Defendant[']s plea was taken, this same agreement was stated on the record, and the Defendant indicated that he understood the agreement, and the sentence that could be imposed. Plea Transcript, p. 3-9. The Defendant stated that this sentencing agreement was accurately stated, and that he had not been threatened or coerced to enter his plea. *Id*. p. 9. Therefore, this claim that his counsel was ineffective for failing to object to a lawful and properly entered plea is entirely baseless.

(Kent Cty. Cir. Ct. Order, ECF No. 2-1, PageID.49.) The trial court explained that Petitioner's agreement to the sentence imposed undercut all of his claims:

> The Michigan Supreme Court has held that "a defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that specific sentence." *People v. Wiley*, 472 Mich. 153, 154 (2005). Similarly, they cautioned, "a defendant who pleads guilty or nolo contendere with knowledge of the sentence and who later seeks appellate sentence relief [. . .] must expect to be denied relief on the ground that the plea demonstrates the defendant's agreement that the sentence is proportionate to the offense and offender." *People v. Cobbs*, 443 Mich. 276, 285 (1993).

(Kent Cty. Cir. Ct. Order, ECF No. 2-1, PageID.49.)

Because Petitioner's claims lacked merit, the trial court reasoned that neither his trial counsel nor his appellate counsel were ineffective by virtue of their failure to raise the issues. And, because Petitioner's appellate counsel was not ineffective, Petitioner failed to establish cause for his failure to raise the issues on his initial appeal. Absent cause, Michigan Court Rule 6.508(D)(3) precluded any relief. (*Id.*, PageID.48.)

Plaintiff filed a *pro per* application for leave to appeal the trial court's order in the Michigan Court of Appeals. The court of appeals denied leave by order entered October 17, 2018, stating that Petitioner "failed to establish that the trial court erred in denying the motion for relief from judgment." (Mich. Ct. App. Order, ECF No. 2-1, PageID.52.) Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. That court denied leave by order entered April 30, 2019, stating that Petitioner "failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D)." (Mich. Order, ECF No. 2-1, PageID.54.) Shortly thereafter, Petitioner filed his timely habeas petition.

## II.     AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented

5

in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v Rodgers*, 569 U.S. 58, 64 (2013); *Parker v Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in

6

their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Petitioner's sentence

The trial court refused to consider the merits of Petitioner's habeas issues because Petitioner failed to raise the issues on his initial appeal and did not demonstrate cause for that failure. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster*, 324 F.3d at 436-37; *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

A state law procedural rule is adequate and independent when it was "firmly established and regularly followed" at the time of the asserted procedural default. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir. 1998) (citing *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)). "'[T]he adequacy of state procedural bars to the assertion of federal questions . . . is not within the State's prerogative finally to decide; rather adequacy is itself a federal question.'" *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)) (other internal quotations omitted). The Sixth Circuit has recognized that Michigan Court Rule 6.508(D)(3) is "an independent and adequate state ground sufficient for procedural default." *Amos v. Renico*, 683 F.3d 720, 733 (6th Cir. 2012).

To determine whether Petitioner has been denied relief based on a procedural default, we look to the last "reasoned judgment rejecting the [federal] claim." *Ylst*, 501 U.S. at 803. The doctrine is applicable if "the last state court to review [the prisoner's] conviction 'clearly and expressly' relied on [the prisoner's] procedural default in its decision affirming Petitioner's

8

conviction." *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). Neither the Michigan Supreme Court nor the Michigan Court of Appeals specifically mention Mich. Ct. R. 6.508(D)(3) in their form orders denying Petitioner's applications for leave to appeal.

In *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010), the Sixth Circuit, in an *en banc* decision, held that brief form orders by the Michigan appellate courts invoking Mich. Ct. R. 6.508(D) are unexplained orders within the meaning of *Ylst*, 501 U.S. at 803. Such form orders are presumed to uphold or reject the last reasoned decision below. *Guilmette*, 624 F.3d at 291-92 (citing *Ylst*, 501 U.S. at 803). As a result, absent an explained decision from a lower Michigan court applying the procedural prohibition of Rule 6.508(D), the federal court may not invoke procedural default to dispose of a habeas claim that has been rejected by the Michigan courts on the grounds of Mich. Ct. R. 6.508(D).

In *Wilson v. Sellers*, 138 S. Ct. 1188, 1193-94 (2018), the Supreme Court held that, in reviewing the basis for a summary appellate order of affirmance, the habeas court should apply the doctrine of *Ylst*, and "look through" the unexplained order to the last reasoned decision of the state court. This applies beyond determining whether the affirmance was based on a procedural default or the merits. The Supreme Court rejected the argument that *Harrington*, 562 U.S. at 101-102, requires the habeas court to simply give deference to the appellate court's result, rather than look beyond that decision to the reasoning below. The *Wilson* Court distinguished *Richter*, because, in *Richter*, there existed no reasoned opinion of a lower court to look to. *Id.* "[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Ylst*, 501 U.S. at 803. Accordingly, this Court may rely on the procedural bar that prompted the trial court to deny Petitioner's request for relief.

Identifying the procedural default does not end the inquiry. The Court may consider Petitioner's habeas issues on their merits if Petitioner establishes cause for the default and resulting prejudice. As cause, Petitioner offers nothing more than the cause rejected by the trial court: the ineffective assistance of his appellate counsel.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington*, 562 U.S. at 105 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 571 U.S. 12, 13 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011). In those circumstances,

the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

The trial court applied the *Strickland* standard in rejecting Petitioner's claim that his appellate counsel rendered ineffective assistance. (Kent Cty. Cir. Ct. Order, ECF No. 2-1, PageID.48-49.) The trial court explained that appellate counsel, to be effective, is not required to raise every possible issue. (*Id.*)

The court's analysis is entirely consistent with clearly established federal law. An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court recently has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

In Petitioner's case the trial court concluded that appellate counsel was professionally reasonable because the issues he declined to raise were simply meritless. The issues

that appellate counsel did not raise were trial counsel's failure to object to Petitioner's "upward departure" sentence and the unreasonableness of the sentence imposed.

The fact that a sentence represents an "upward departure" and, thus, does not comply with Michigan's sentence guidelines, is not an issue of constitutional significance. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). A criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D.

Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). Thus, an "upward departure," in and of itself, would not implicate federal constitutional protection.

Moreover, the "upward departure" in this instance was entirely permissible under state law. As the circuit court explained, Petitioner was not sentenced under the guidelines, he was sentenced pursuant to his agreement. The Michigan courts have relied on the waiver that follows from accepting a specific sentence in the context of a guilty plea. *See, e.g., People v. Wiley*, 693 N.W.2d 800 (Mich. 2005) (where defendant agreed to a minimum sentence of 38 years, but the guidelines range was 15 to 25 years, the court held "a defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that specific sentence."); *People v. Cobbs*, 505 N.W.2d 208, 213 (Mich. 1993) ("[W]e caution that a defendant who pleads guilty or nolo contendere with knowledge of the sentence, and who later seeks appellate sentence relief under *People v. Milbourn*, 435 Mich. 630, 461 N.W.2d 1 (1990), must expect to be denied relief on the ground that the plea demonstrates the defendant's agreement that the sentence is proportionate to the offense and offender.").

Where a defendant agrees to a particular sentence, the sentence is no longer a product of the guidelines. It is a product of the agreement. The sentence agreement "'obviates the scoring of the sentencing guidelines[.]'" *People v. Dunbar*, No. 333510, 2017 WL 5759754, at *4 (Mich. Ct. App. Nov. 28, 2017) ("*Lockridge* does not apply to defendant's sentences because defendant was sentenced pursuant to a plea agreement, rather than the sentencing guidelines . . . ."); *see also United States v. Cieslowski*, 410 F3d 353, 364 (7th Cir. 2005) (concluding that a the sentence imposed under a plea agreement "arises directly from the agreement itself" and not from the sentencing guidelines) (*cited in People v. Velez*, No. 315209, 2015 WL 5945364, at *4 (Mich. Ct. App. Oct. 13, 2015) (Boonstra, P.J., concurring) ("[B]ecause defendant agreed to a sentence within the guidelines range, the sentence imposed by the trial court

13

'arose directly from the plea agreement and was not based on any facts found only by the trial court.'"); *People v. Banks*, No. 326795, 2016 WL 3946207, at *2 (Mich. Ct. App. July 21, 2016); *People v. Faher*, No. 328285, 2016 WL 6127902. at *4 (Mich. Ct. App. Oct. 18, 2016) ("[W]hen a sentencing court imposes a sentence pursuant to the terms of a plea agreement bargained for and accepted by the defendant, the sentence is not affected by the court's perception of the . . . sentencing guidelines . . . ."). Thus, Petitioner's challenge is meritless under state law as well.

Because Petitioner's proposed challenge to his sentence would have been meritless, neither his trial counsel nor his appellate counsel rendered ineffective assistance by virtue of their failure to raise the issue. Similarly, because Petitioner's trial counsel did not render ineffective assistance, it was not ineffective assistance for Petitioner's appellate counsel to fail to raise the issue of trial counsel's purported ineffectiveness. "Omitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013).

Because Petitioner has failed to establish cause for his procedural default, the Court is barred from considering his claims unless Petitioner can demonstrate such review is required to prevent a fundamental miscarriage of justice. Such a miscarriage would occur if Petitioner demonstrated that he was actually innocent. The facts Petitioner recites in his brief preclude any claim that he is actually innocent. Therefore, the Court's review of Petitioner's federal habeas issues is barred by the doctrine of procedural default.

Even if Petitioner's procedural default did not bar the claim, the deference owed to the state court with respect to its factual findings, as well as its determinations on the merits, foreclose the possibility of habeas relief here. The trial court's resolution of Petitioner's ineffective assistance claims is entirely consistent with, and neither contrary to nor an unreasonable application of, clearly established federal law. Moreover, the trial court's factual findings

14

regarding Petitioner's plea agreement appear to be well-grounded in the record—so well-grounded that Petitioner does not even challenge them. Whether evaluated under the doctrine of procedural default, or on the merits, Petitioner is not entitled to habeas relief.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine

whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a judgment and order consistent with this opinion.

Dated: July 16, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE